UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| U.S. Bank Trust N.A. as Trustee of American Homeowner Preservation Trust series 2015A+,<br><br>Plaintiff,<br><br>v.<br><br>City of Buffalo, New York and the Buffalo Sewer Authority,<br><br>Defendants. | Case. No. |

# CLASS ACTION COMPLAINT

Plaintiff U.S. Bank Trust, National Association, as Trustee of American Homeowner Preservation Trust Series 2015A+ ("Plaintiff") brings this Class Action Complaint against the City of Buffalo and the Buffalo Sewer Authority ("Defendants") and states as follows:

## INTRODUCTION

1. Defendants confiscated real property valued at over $40,000.00 in satisfaction of $578.09 in unpaid fees for garbage collection. In doing so, Defendants extinguished Plaintiff's security interest in that real property. Defendants then sold the real property for $23,000, $22,421.91 more than the garbage fees it sought to collect. Defendants' actions constitute a taking for which just compensation must be paid.

## PARTIES, JURISDICTION, AND VENUE

2. Plaintiff is the owner of a mortgage on real property within the City of Buffalo, NY.

3. Defendants are political subdivisions of the state of New York.

4.  This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 because this action arises under 42 U.S.C. § 1983, U.S. Const. Amend. V, and U.S. Const. Amend. XIV.

5.  This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 because violation of N.Y. Const. art. I, § 7 forms part of the same controversy.

6.  Venue is proper pursuant to 28 U.S.C. § 1391 because Defendants are residents of this District and the events giving rise to Plaintiff's claims occurred in this District.

## FACTS

7.  On January 25, 2001, Bernice Peace and Beatrice Peace, as husband and wife, granted a mortgage to Beneficial Homeowner Service Corporation (the "Mortgage") in property known as 242 Sheridan Avenue, City of Buffalo, New York 14211 (the "Property"). A copy of the Mortgage is attached as Exhibit A.

8.  Through a series of assignments, Plaintiff received assignment of the Mortgage on August 6, 2019. Copies of the assignments are attached as Exhibit B.

9.  Approximately $58,205.62 of the mortgage debt remains unpaid.

10. On September 16, 2019, Defendants obtained a judgment of foreclosure on $578.09 in so-called "user fee liens" as authorized by N.Y. Real Prop Tax Law § 1120 *et seq*. Upon information and belief, the user fees charged by Defendant are impositions related to weekly garbage pickup. Pursuant to the foreclosure proceeding, Defendants seized the entirety of the Property in fee simple absolute and extinguished Plaintiff's security interest.

11. On October 1, 2020, Defendants sold the Property to a third-party for $23,000.00. The sale price exceeds the user fee liens by $22,421.91 ("excess proceeds"). Defendants retained the excess proceeds from the sale and did not compensate Plaintiff for its security interest in the Property and the excess proceeds.

## CLASS ACTION ALLEGATIONS

12. Class Definition: Plaintiff bring this action pursuant to Federal Rule of Civil Procedure 23 on behalf of a class of similarly situated individuals (the "Class"), defined as follows:

> All owners of mortgages granted on real estate within the City of Buffalo, NY, the liens of which were discharged of record pursuant to in rem foreclosure actions instituted by the Defendants on liens of Defendant Buffalo Sewer Authority and where Defendants subsequently sold the real estate for an amount in excess of said liens.

Excluded from the Class are: (1) Defendant; (2) the Judge to whom this case is assigned and the Judge's immediate family; (3) any person who executes and files a timely request for exclusion from the Class; (4) any persons who have had their claims in this matter finally adjudicated and/or otherwise released; and (5) the legal representatives, successors and assigns of any such excluded person.

13. Numerosity: Upon information and belief, the Class consists of well over one hundred members and accordingly the Class is so numerous that joinder of all parties is impractical. Although the exact number and identities of Class members is presently unknown, that information can be ascertained through discovery. Class members can easily be identified through Defendants' records, as Class members were or should have been named defendants in the underlying foreclosures.

14. Commonality and Predominance: All members of the Class have been subject to and were deprived of their interest in their mortgage rights in the subsequently created sales proceeds through a uniform course of conduct: specifically, Defendants retained the full amount of said sales proceeds even though those proceeds exceeded the amount owed on the

foreclosed sewer district liens. There are questions of law and fact common to the proposed Class that predominate over any individual questions.

15.     Typicality: Plaintiff's claims are typical of the claims of the Class. Plaintiff and Class members were all wrongfully deprived of their interest in the sales proceeds (i.e. the amount in excess of the sewer district liens), as a result of Defendants' course of conduct.

16.     Adequacy: Plaintiff will adequately represent the interests of the Class and do not have adverse interests to the Class. Plaintiff had retained competent counsel who have extensive experience litigating class actions such as this one.

17.     Superiority: A class action is the superior method for the quick and efficient adjudication of this controversy. If individual Class members prosecuted separate actions it may create a risk of inconsistent or varying judgments that would establish incompatible standards of conduct.

## COUNT I
## 42 U.S.C. § 1983

18.     Plaintiff re-alleges paragraphs 1-17 with the same effect as though fully set forth herein.

19.     At all relevant times, Defendants were "persons" and were acting "under color of" law, as interpreted in 42 U.S.C. § 1983.

20.     The Fourteenth Amendment to the United States Constitution guarantees that no State shall "deprive any person of life, liberty, or property, without due process of law."

21.     The Takings Clause of the Fifth Amendment to the United States Constitution states "nor shall private property be taken for public use, without just compensation." The Fourteenth

Amendment to the United States Constitution incorporates the Takings Clause and makes the section applicable to Defendants and this matter.

22. Defendants must comply with the U.S. Constitution when conducting foreclosure proceedings pursuant to N.Y. Real Prop Tax Law § 1120 *et seq.*

23. The Mortgage was Plaintiff's property and protected from public taking by the Fifth and Fourteenth Amendments to the United States Constitution.

24. As the owner of first mortgage on the Property, Plaintiff was entitled, by virtue of its mortgage, to the excess sales proceeds retained by Defendants. Similarly, as owner of their respective mortgage interests, the putative Class members were entitled to the excess sales proceeds retained by Defendants.

25. Through retention of the excess sales proceeds, Defendants took Plaintiff's and the putative Class's property for public use without providing compensation as required by the Fifth and Fourteenth Amendments to the United States Constitution.

26. As a direct and proximate result of Defendants' actions, Plaintiff and the putative Class were damaged by the amount of the excess sales proceeds retained by Defendants.

## COUNT II

### N.Y. Const. Art. I, § 7

27. Plaintiff re-alleges paragraphs 1-26 with the same effect as though fully set forth herein.

28. The New York Constitution provides at N.Y. Const. art. I, § 7 that "[p]rivate property shall not be taken for public use without just compensation."

29. Defendants must comply with the New York Constitution when conducting foreclosure proceedings pursuant to N.Y. Real Prop Tax Law § 1120 *et seq.*

30.     The rights granted by the mortgages were Plaintiff's and the putative Class's property and protected from gratuitous public taking by the New York Constitution.

31.     Through retention of surplus equity and excess sales proceeds, Defendants took Plaintiff's and the putative Class's property for public use without providing compensation as required by the New York Constitution.

32.     As a direct and proximate result of Defendants' actions, Plaintiff and the putative Class were damaged in the amount of $22,421.91, which is the unpaid mortgage debt that was secured by the excess equity and subsequent sales proceeds seized by Defendants.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests this Court to grant it judgment in favor of itself and the putative Class against Defendants as follows:

1) Damages in the amount of excess proceeds retained by Defendants from the sale of foreclosed properties;

2) Interest on the amount awarded from the time of the taking;

3) Plaintiff's attorneys' fees and costs, as provided in 42 U.S.C. § 1988; and

4) Such other relief as may be available either at law or in equity.

Respectfully submitted,

/s/ Brian R. Goodwin
Brian R. Goodwin, Esq.
Goodwin Law Firm
75 South Clinton Square
Suite 510 - #6955
Rochester, NY 14604
Phone: 585.353.7084
Fax: 888.395.7296
Brian.GoodwinLaw@gmail.com

<u>(pro hac vice admission anticipated)</u>
Marc E. Dann (0039425)
Advocate Attorneys, LLP
P.O. Box. 6031040
Cleveland, Ohio 44103
(216) 373-0539 telephone
(216) 373-0536 facsimile
mdann@advocateattorneys.com

Counsel for Plaintiff