UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

U.S. BANK TRUST, N.A., AS TRUSTEE OF
AMERICAN HOMEOWNER PRESERVATION
TRUST SERIES 2015A+,                                            **REPORT AND**
                                                                **RECOMMENDATION**
                                        Plaintiff,
                                                                22-cv-00249(JLS)(JJM)
v.

CITY OF BUFFALO, NEW YORK and the
BUFFALO SEWER AUTHORITY,

                                        Defendants.
_____

       This action has been referred to me by District Judge John L. Sinatra, Jr. for supervision of pretrial proceedings [4].[1] For the following reasons, I recommend that the action be dismissed, with prejudice, pursuant to Fed. R. Civ. P. ("Rule") 41(b).

## BACKGROUND

       Plaintiff U.S. Bank Trust, N.A., commenced this purported class action on March 28, 2022, alleging that the defendants wrongfully confiscated its property to satisfy garbage collection fees. Complaint [1]. On August 21, 2023 defendants moved to dismiss the action pursuant to Rule 41(b) for failure to prosecute [24], and on September 1, 2023 plaintiff's attorneys moved for leave to withdraw [26].

       By Text Order dated September 1, 2023 [29], I confirmed the parties' agreement providing that defendants' "motion to dismiss is granted to the extent of dismissing all class allegations, but is otherwise denied [and that] the motion to withdraw is granted". I further

---

[1]     Bracketed references are to CM/ECF docket entries.

ordered that "[p]laintiff shall appear through new counsel at a teleconference to be held on October 3, 2023 at 10:00 a.m. to discuss further proceedings regarding plaintiff's individual claim" and cautioned that "[i]f counsel fails to appear for plaintiff by that time, I will recommend that the remainder of the action be dismissed, with prejudice". Id. [2]

In a letter dated September 26, 2023 [30], Ramona Ladwig, acting on behalf of plaintiff, requested "a 35-day extension of the teleconference set in the above matter for October 3, 2023, to allow me time to fully process my application for full admission to the Court". In a Text Order issued that same day [31], I granted her request and adjourned the teleconference until November 7, 2023. [31]. However, plaintiff failed to appear through counsel at that teleconference [33].

## DISCUSSION

Under Rule 41(b), "[i]f the plaintiff fails to prosecute or to comply with . . . a court order, a defendant may move to dismiss the action". "Although the text . . . expressly addresses only the case in which a defendant moves for dismissal of an action, it is unquestioned that Rule 41(b) also gives the district court authority to dismiss a plaintiff's case *sua sponte*." LeSane v. Hall's Security Analyst, Inc., 239 F.3d 206, 209 (2d Cir. 2001). Since I warned plaintiff that failure to timely appear through counsel would cause me to recommend dismissal of the action with prejudice, it is appropriate to do so now.

---

[2]  "[A] corporation may appear in the federal courts only through licensed counsel . . . . [T]hat rule applies equally to all artificial entities." Rowland v. California Men's Colony, Unit II Men's Advisory Council, 506 U.S. 194, 202 (1993); J.J. Rissell, Allentown, PA Trust v. Marchelos, 976 F.3d 1233, 1235 (11th Cir. 2020) ("[a] trust . . . is an artificial entity that can act only through agents, cannot appear *pro se*, and must be represented by counsel").

Rule 41(b) provides that "a dismissal under subdivision . . . operates as an adjudication on the merits". "[T]he effect of the 'adjudication upon the merits' default provision of Rule 41(b) . . . is simply that, unlike a dismissal 'without prejudice,' the dismissal . . . bar[s] refiling in the United States District Court . . . . That is undoubtedly a necessary condition, but it is not a sufficient one, for claim-preclusive effect in other courts." Semtek International Inc. v. Lockheed Martin Corp., 531 U.S. 497, 506 (2001). Thus, "when a federal court rules that a dismissal is with prejudice, it is saying only that the claim cannot be refiled in that court". Styskal v. Weld County Board of County Commissioners, 365 F.3d 855, 859 (10th Cir. 2004).

**CONCLUSION**

For these reasons, I recommend that the action be dismissed, with prejudice. Unless otherwise ordered by District Judge Sinatra, any objections to this Report and Recommendation must be filed with the clerk of this court by November 27, 2023. Any requests for extension of this deadline must be made to District Judge Sinatra. A party who "fails to object timely . . . waives any right to further judicial review of [this] decision". Wesolek v. Canadair Ltd., 838 F. 2d 55, 58 (2d Cir. 1988); Thomas v. Arn, 474 U.S. 140, 155 (1985). Moreover, the district judge will ordinarily refuse to consider *de novo* arguments, case law and/or evidentiary material which could have been, but were not, presented to the magistrate judge in the first instance. Patterson-Leitch Co. v. Massachusetts Municipal Wholesale Electric Co., 840 F. 2d 985, 990-91 (1st Cir. 1988).

The parties are reminded that, pursuant to Rule 72(b) and (c) of this Court's Local Rules of Civil Procedure, written objections shall "specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for each

-4-

objection . . . supported by legal authority", and must include "a written statement either certifying that the objections do not raise new legal/factual arguments, or identifying the new arguments and explaining why they were not raised to the Magistrate Judge". Failure to comply with these provisions may result in the district judge's refusal to consider the objections.

Dated: November 10, 2023

/s/Jeremiah J. McCarthy  
JEREMIAH J. MCCARTHY  
United States Magistrate Judge